CHARLES J. SCHUCK, Judge.
Jess P. Richmond, claimant, operates a laundry and dry cleaning plant in the city of Beckley, Raleigh county, the business extending into neighboring and contiguous counties, and in a large measure consisting of services rendered in dry cleaning, pressing and laundering the clothing and wearing apparel of miners employed by the various coal companies in that section of our state. By arrangement and oral contracts with the coal companies concerned, claimant, through his truck drivers, gathers the clothing and laundry from the various coal company stores, render? the necessary dry cleaning, washing, repairing and laundry services, and then returns the clothing and apparel to thf stores from which the said articles were first collected. In the due course of his business, he bills the coal companies for the full or retail price for the services so rendered and then allows a twenty per cent reduction to the companies, *77 making his collections on the basis of eighty per cent oi the invoice billing accordingly. He deals only with the various coal companies or their proper representative and at no time with the miners personally. This method of rendering the said services has been followed by claimant from the year 1942 to the present time.
During the said period and for each year thereof he has paid his business and occupation tax to the state tax commissioner based on the amount of his actual collections from the coal companies (record pp. 26-27) at the retail rate as fixed by statute, namely one half of one per cent of the gross income of his business.
In the year 1946 claimant maintained that the business with the coal companies, as heretofore outlined, was wholesale in its nature and that such portion of his business should be reclassified; that in the future he should be taxed at the wholesale rate and that a refund should be allowed him for the so-called overpayment made by him to the tax commissioner for the years from 1942 to the end of the year 1945 inclusive; these overpayments for the said period as calculated by the claimant, amounting to $4,488.66 (record p. 21) being the basis for the claim presented here.
Bearing in mind that only ¿services were rendered by claimant in the said business transactions, that the sale of tangible property is not involved in any manner and that the services rendered are not a part of nor incident to the sale of food, etcetera, as outlined by the statute, what is or must be claimant’s classification and at what rate shall he be taxed by the commissioner on his gross income from the business with the said coal companies as heretofore detailed? Chapter 11, article 13, section 2c of the code provides:
“Upon every person engaging or continuing within this State in the business of selling any tangible property whatsoever, real or personal, including the sale of food, and the services incident to the sale of food in hotels, restaurants, cafeterias, confectioneries, and other public eating *78 houses, except sales by any person engaging or continuing in the business of horticulture, agriculture or grazing, or of selling stocks, bonds or other evidences of indebtedness, there is likewise hereby levied, and shall be collected, a tax equivalent to one-half of one per cent of the gross income of the business, except that in the case of a wholesaler or jobber, the tax shall be equal to fifteen one-hundredths of one per cent of the gross income of the business.”
Claimant maintains that under the section just quoted he is a wholesaler so far as his transactions with the coal companies are concerned, and that he should have been taxed at the wholesale rate as provided for in said section and not at the retail rate. We are not in accord with this conclusion. We feel, and so hold, that the section in question applies only to the sale of tangible property at wholesale or retail. The section bears the title “Business of Selling Tangible Property; Sales Exempt.” This title would clearly seem to indicate that only sales involving tangible property were contemplated. Certain exceptions are noted as to services, but the language employed again clearly shows that the services rendered must be connected with and incident to the sale of tangible property at wholesale or retail. Services as such and not rendered in connection with the sale of tangible property are not included, and in our opinion not to be taxed at the rates fixed in the section heretofore referred to. So, too, do the other exceptions plainly indicate that they have no relation whatever to such busines transactions as those shown to have been carried on by claimant and the coal companies in question.
We repeat, the plain and obvious intendment of the language used unqualifiedly means that a wholesaler can only claim classification as such when making sales of tangible property. No such claim is made by the claimant in the instant case. No tangible property is involved. A careful reading of the remaining sections of said article IB indicates in our opinion that section 960 (2h) entitled “Serv *79 ice Business or Calling Not Otherwise Specifically Taxed applies to the transactions set forth in claimant’s petition and fixes the rate of taxation to be charged.
The state by counsel has heretofore filed a motion to dismiss the claim.
As indicated by the foregoing opinion we deny an award and dismiss the claim.